1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FERNANDO RAMIREZ,

          Plaintiff,

   v.

ANVIL BUILDERS, INC.,

          Defendant.

Case No. 23-cv-04598-HSG

**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT AND REMANDING CASE**

Re: Dkt. Nos. 6, 19

Before the Court are Defendant's petition to compel arbitration, Dkt. No. 6, and Defendant's motion for partial summary judgment, Dkt. No. 19. The Court finds both matters appropriate for disposition without oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b). The Court **GRANTS** the motion for partial summary judgment and **REMANDS** the case to Alameda County Superior Court.

### I.     BACKGROUND

Plaintiff Fernando Ramirez worked as a laborer for Defendant Anvil Builders, Inc. between July 2021 and June 2022. Dkt. No. 1-1, Ex. A ("Compl.") ¶ 15. Plaintiff alleges that during this period, Defendant did not pay him for his compensable "off the clock" work, including time he spent traveling in a company truck to and from his jobsite and loading and unloading job equipment. *Id.* ¶ 19. Plaintiff also alleges that Defendant failed to provide timely, compliant meal and rest breaks. *Id.* ¶ 20.

In 2023, Plaintiff filed an action against Defendant in Alameda County Superior Court alleging violations of the California Labor Code and California Unfair Competition Law ("UCL"). Compl. at 1. Defendant removed the case to this Court based on federal question jurisdiction, alleging that Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185,

1   preempted some of Plaintiff's claims.  *See* Dkt. No. 1-1 at 4.[1]  Defendant then petitioned to

2   compel arbitration of Plaintiff's claims for failure to pay minimum wages, failure to provide

3   accurate itemized wage statements, failure to pay wages when due, and his derivative UCL claim.

4   Dkt. No. 6 at 3.  Shortly after, Defendant also filed a motion for partial summary judgment on

5   Plaintiff's three remaining causes of action not subject to the petition to compel arbitration: failure

6   to pay overtime wages, failure to provide meal and rest periods, and derivative UCL claims.

7   Dkt. No. 19.  Plaintiff opposes the petition to compel arbitration on the ground that the Court does

8   not have jurisdiction to hear the motion.  *See* Dkt. No. 17 at 4.  Plaintiff also opposes the motion

9   for partial summary judgment.  Dkt. No. 20.

10  **II.     DISCUSSION**

11         **A.     Federal Question Jurisdiction**

12         As an initial matter, the Court must address the threshold issue of whether this Court's

13  jurisdiction over Plaintiff's claims is proper.  Defendant removed Plaintiff's case on the basis that

14  LMRA preemption gives the Court original jurisdiction over Plaintiff's preempted claims, and

15  contends that the Court can assert supplemental jurisdiction over the other claims.  *See* Dkt. No. 1-

16  1 at 4.  In his opposition to the petition to compel arbitration, Plaintiff argues that the Court does

17  not have jurisdiction to hear the motion because Plaintiff's claims are all statutory claims under

18  the California Labor Code, "none of which involves a federal question."  Dkt. No. 17 at 4.

19  Plaintiff appears only to contest the Court's jurisdiction as to the arbitration motion rather than his

20  overall case.  *See* Dkt. No. 17 at 18.  But adopting Plaintiff's argument in the context of the

21  arbitration petition would nonetheless require remand of the entire case, as the only basis

22  Defendant asserted for removal was federal question jurisdiction due to LMRA preemption.  *See*

23  Dkt. 1-1, ¶¶ 4–8, 12–21.  Accordingly, the Court will first address whether the LMRA preempts

24  some of Plaintiff's claims and thus provides a basis for jurisdiction in this Court.

25         **i.     LMRA preemption standard**

26         "Except as otherwise expressly provided by Act of Congress, any civil action brought in a

27  _____

28  [1] For ease of reference, the Court refers to the PDF pages rather than the document's internal
    pagination unless otherwise noted.

United States District Court
Northern District of California

1    State court of which the district courts of the United States have original jurisdiction, may be

2    removed" to federal court.  28 U.S.C. § 1441(a).  Under § 301 of the LMRA, "[s]uits for violation

3    of contracts between an employer and a labor organization . . . may be brought in any district court

4    of the United States."  29 U.S.C. § 185(a).  As explained by the Ninth Circuit, the Supreme Court

5    has interpreted the LMRA to authorize federal courts "to create a uniform body of federal

6    common law to adjudicate disputes that arise out of labor contracts."  *Curtis v. Irwin Indus., Inc.*,

7    913 F.3d 1146, 1155 (9th Cir. 2019) (citations omitted).  "A state rule that purports to define the

8    meaning or scope of a term in a contract suit therefore is pre-empted by federal labor law."  *Id.* at

9    1152 (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)).  Although federal

10   preemption is a defense that does not generally authorize removal to federal court, the Supreme

11   Court has held that § 301 has such "extraordinary pre-emptive power" that it "converts an ordinary

12   state common law complaint into one stating a federal claim for purposes of the well-pleaded

13   complaint rule."  *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987).

14          However, § 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on

15   individual employees as a matter of state law."  *Curtis*, 913 F.3d at 1152 (quoting *Livadas v.*

16   *Bradshaw*, 512 U.S. 107, 123 (1994)).  Further, "not every dispute concerning employment, or

17   tangentially involving a provision of a collective-bargaining agreement, is preempted by § 301 or

18   other provisions of federal labor law."  *McCray v. Marriott Hotel Servs.*, Inc., 902 F.3d 1005,

19   1009 (9th Cir. 2018) (quoting *Lueck*, 471 U.S. at 211).  Claims that have no relationship to a

20   collective-bargaining agreement "beyond the fact that they are asserted by an individual covered

21   by such an agreement are simply not pre-empted by § 301."  *Id.* (citation and quotations omitted).

22          The Ninth Circuit has employed a two-step test to ensure that § 301 preemption "extends

23   only as far as necessary to protect the role of labor arbitration in resolving CBA disputes."  *Curtis*,

24   913 F.3d at 1153 (citation and quotations omitted).  First, the court asks whether the asserted cause

25   of action involves a "right [that] exists solely as a result of the CBA."  *Burnside v. Kiewit Pac.*

26   *Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).  "If the right exists solely as a result of the CBA, then

27   the claim is preempted, and our analysis ends there."  *Id.* (citing *Lueck*, 471 U.S. at 210).  If not,

28   the court proceeds to the second step and asks "'whether a plaintiff's state law right is substantially

United States District Court
Northern District of California

1    dependent on analysis of [the CBA],' which turns on whether the claim cannot be resolved by

2    simply 'look[ing] to' versus 'interpreting' the CBA." *Curtis*, 913 F.3d at 1153 (citations and

3    quotations omitted and alterations in original).  "Interpretation" is construed narrowly in this

4    context.  *Id.*  If claims are dependent on interpretation of the CBA, then the claim is preempted by

5    § 301; if not, the claim may proceed under state law.  *Burnside*, 491 F.3d at 1059–60.

6                    **ii.    Analysis**

7            Defendant argues that the LMRA preempts Plaintiff's claims for failure to pay overtime

8    under California Labor Code Section 510 and failure to provide meal breaks and rest periods

9    under Labor Code Sections 226.7 and 512 and Industrial Welfare Commission Wage Order 16.

10   Dkt. No. 1-1 at 3 ¶ 13.  Starting at the first step of the *Burnside* analysis, Defendant asserts that

11   these claims exist solely as a result of a collective bargaining agreement ("CBA") and are

12   therefore preempted.  *Id.* at 5 ¶ 17.

13           At the outset, the Court finds that Plaintiff is subject to the terms of a CBA.  Defendant

14   was a signatory to the 2018-2023 Laborers Master Agreement between United Contractors and the

15   Northern California District Council of Laborers.  *See* Dkt. No. 6-3, Ex. A.  This CBA covers

16   Defendant as a signatory employer, and also covers "any employee who performs work falling in

17   the presently recognized jurisdiction" of the local Northern California laborers' unions.  *See* Dkt.

18   No. 6-3, Ex. A ("CBA") §§ 1.A(1)(b), (3).  According to his complaint, this would include

19   Plaintiff.  *See* Compl. ¶ 2 ("At all relevant times herein, Plaintiff was employed with Defendant

20   Anvil Builders Inc. as a non-exempt laborer and was paid on an hourly basis.").[2]

21           Plaintiff appears to concede that he was subject to the CBA.  In his opposition to

22   Defendant's petition to compel arbitration, Plaintiff only argues that "none of [his] claims involve

23   any rights existing from the CBA and none of the claims [are] dependent on analysis of the CBA."

24   Dkt. No. 17 at 4.  Similarly, in his opposition to Defendant's motion for partial summary

25   judgment, Plaintiff does not dispute that the CBA applies to him, but contests whether its terms

26   _____

27   [2] Defendant submits a request for judicial notice of Plaintiff's complaint and Defendant's answer, Dkt. No. 6-1, Exs. A–B.  But the Court does not need to take judicial notice of pleadings filed in this case, and terminates this request as moot.  Given that Plaintiff does not dispute the

28   applicability or validity of the CBA, the Court takes judicial notice of it (Dkt. No. 6-3, Ex. A).

United States District Court
Northern District of California

United States District Court
Northern District of California

1  exempt his claims from coverage under the state statutes.  *See generally* Dkt. No. 20.  The Court

2  therefore finds that the CBA is valid and applicable to Plaintiff, and turns to the question of

3  whether Plaintiff's overtime, meal break, and rest period claims involve a "right [that] exists solely

4  as a result of the CBA." *Burnside*, F.3d 1053 at 1059.

5  Beginning with Plaintiff's Section 510 overtime claim, the Ninth Circuit held in *Curtis v.*

6  *Irwin Industries, Inc.* that the LMRA preempts such a claim if the CBA meets the requirements of

7  California Labor Code Section 514.  *Curtis*, 913 F.3d at 1155.  Section 514 states that Section 510

8  does "not apply to an employee covered by a valid collective bargaining agreement if the

9  agreement expressly provides for the wages, hours of work, and working conditions of the

10  employees, and if the agreement provides premium wage rates for all overtime hours worked and a

11  regular hourly rate of pay for those employees of not less than 30 percent more than the state

12  minimum wage." Cal. Labor Code § 514.  If a plaintiff is exempt from Section 510 by virtue of a

13  CBA that meets these requirements, then the plaintiff's Section 510 claim for overtime is

14  "controlled" by the CBA and therefore preempted by § 301 of the LMRA.  *Curtis*, 913 F.3d at

15  1155.

16  Having reviewed the CBA and Defendant's declarations, the Court finds that the CBA

17  satisfies the requirements of Section 514.  First, the CBA provides for wages, hours of work, and

18  working conditions.  *See* CBA §§ 3 (specifying the conditions of employment, including hiring,

19  releasing, quitting, discharge, and discipline), 6 (setting out meal and rest periods), 13A-C (health

20  and safety conditions), 20(A) (specifying work days, work weeks, and overtime rates).  The CBA

21  also provides for premium rates for overtime work.  *See id*. §§ 20A(4) (providing that "[o]ne and

22  [one-half] (1 ½) times the regular straight time hourly rate shall be paid for all work on Saturdays

23  (except on make-up day) and before a shift begins and after it ends and "[d]ouble the hourly

24  straight-time rate shall be paid for all work on Sundays and holidays"), 20A(2)(c) (providing that

25  employees working a 4 x 10 workweek shall be paid at the applicable overtime rate for all work

26  "before a shift begins, after ten hours, and on Saturdays, Sundays and holidays" and for all hours

27  "in excess of forty (40) hours in any one (1) week").  Finally, the CBA provides a regular hourly

28  rate of pay of at least 30 percent higher than California's minimum wage.  *See id.* Supp. 1 at 45–

5

United States District Court
Northern District of California

1   51 (setting hourly wage rates no lower than $22.23); Cal. Labor Code § 1182.12 (setting a

2   minimum wage of $10 per hour on or after January 1, 2016, and scheduled annual increases up to

3   $15 per hour on or after January 1, 2023).

4        In his opposition to the petition to compel arbitration, Plaintiff vaguely asserts that "none

5   of [his] claims involve any rights existing from the CBA and none of the claims [are] dependent

6   on analysis of the CBA." Dkt. No. 17 at 4.[3]  But Plaintiff does not address Section 514 and the

7   directly applicable holding of *Curtis*, which controls his overtime claim.  Accordingly, given that

8   Defendant has submitted adequate evidence of a qualifying CBA governing Plaintiff's

9   employment, the Court finds that Plaintiff's claim for unpaid overtime pursuant to Section 510 is

10  preempted under the first prong of *Burnside*.  Thus, the Court has jurisdiction over the overtime

11  claim and would have supplemental jurisdictional over Plaintiff's other claims, all of which derive

12  from a "common nucleus of operative fact." *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855 (9th Cir.

13  2004) ("Nonfederal claims are part of the same 'case' as federal claims when they derive from a

14  common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try

15  them in one judicial proceeding.") (citation and quotations omitted).

16       Having found that jurisdiction is proper, the Court next addresses Defendant's motion for

17  partial summary judgment, then Defendant's petition to compel arbitration.

18       **B.**    **Motion for Partial Summary Judgment**

19       Defendant seeks partial summary judgment on Plaintiff's overtime, meal break, rest period

20  claims, and derivative UCL claim, on the basis that Plaintiff is exempt under all of the predicate

21  statutes underlying his claims, such that each claim fails as a matter of law.  Dkt. No. 19 at 5.

22  Again, the Court will start with the Section 510 overtime claim.

23       **i.**    **Summary Judgment Standard**

24       Summary judgment is proper when a "movant shows that there is no genuine dispute as to

25  any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

26

27                  
---
[3] To the extent Plaintiff's opposition to the motion for partial summary judgment raises arguments
about whether the CBA satisfies Section 514, they are addressed below.

28

United States District Court
Northern District of California

1    A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*

2    *v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute is "genuine" if there is evidence in

3    the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.*

4    But in deciding if a dispute is genuine, the court must view the inferences reasonably drawn from

5    the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec.*

6    *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986), and "may not weigh the evidence

7    or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997),

8    *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).

9    　　　If, however, a moving party carries its burden of production, the nonmoving party must

10   produce evidence to support its claim or defense." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*,

11   210 F.3d 1099, 1103 (9th Cir. 2000).  In doing so, the nonmoving party "must do more than

12   simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec.*

13   *Indus. Co.*, 475 U.S. at 586.  A nonmoving party must also "identify with reasonable particularity

14   the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir.

15   1996).  If a nonmoving party fails to produce evidence that supports its claim or defense, courts

16   enter summary judgment in favor of the movant.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

17   (1986).

18   　　　　　**ii.    Analysis**

19   　　　　　　**a.  Overtime claim**

20   　　　Defendant argues that the Court should grant summary judgment in its favor on Plaintiff's

21   overtime claim because Plaintiff is exempt under Section 510. Dkt. No. 19 at 11.  As discussed

22   above in the context of LMRA preemption, the Court has found that Defendant has submitted

23   adequate evidence to establish that the CBA satisfies the requirements of Section 514 and

24   therefore exempts Plaintiff from coverage under Section 510.  In his opposition to summary

25   judgment, Plaintiff maintains that the CBA fails to meet the requirements of Section 514 because

26   it does not provide premium wages for all overtime hours worked.  *See* Dkt. No. 20 at 2.  In

27   addition, Plaintiff argues that his overtime claim is "entirely predicated on his 'off the clock' travel

28   time" spent loading equipment and traveling to and from his job site before and after his shifts, but

United States District Court
Northern District of California

1    the CBA is "silent on the payment of wages" and the applicable rates for such "off the clock"

2    hours worked by laborers on a regular five-day workweek schedule.  *Id.* at 3.  According to

3    Plaintiff, this makes his overtime claim "independent of the collective bargaining agreement" and

4    thus not preempted by Section 510.  *See id.*

5         First, Plaintiff's description of the CBA's overtime provisions is incorrect.  The CBA

6    provides that, for laborers working a regular workweek, "[o]ne and [one-half] (1 ½) times the

7    regular straight time hourly rate shall be paid for all work on Saturdays (except on Saturdays) *and*

8    *before a shift begins and after it ends*."  *See* CBA § 20A(4) (emphasis added).  The Court

9    acknowledges that the agreement includes this provision in a section titled "Weekends and

10   Holidays," but its only plausible meaning is that it applies more broadly.  Because the CBA

11   specifically provides that premium rates are paid for "all work on Saturdays" (meaning regardless

12   of work start and stop times), the phrase "before a shift begins and after it ends" must refer to the

13   premium rates that will be paid for overtime hours worked before and after a shift on any regular

14   workday (i.e., days other than Saturday).  The CBA does provide premium wages for all overtime

15   hours.

16        Second, the fact that the CBA does not expressly define "off the clock" work as subject to

17   premium overtime pay does not mean that it fails to satisfy the requirements of Section 514.

18   Plaintiff fails to identify any authority mandating the inclusion of such language.  Even so, as

19   Defendant points out, because the CBA provides that premium rates shall be paid for all hours

20   worked "before a shift begins and after it ends," if an employee's "off the clock" time is

21   compensable, it is "necessarily [] included" the CBA's calculation of hours worked for the

22   purposes of the employee's entitlement to overtime.  *See* Dkt. No. 23 at 6.  Moreover, *Curtis*

23   clarified that when employers and employees have negotiated a valid CBA, courts "look to the

24   CBA to determine the definition of 'overtime'" rather than state law.  *See* 913 F.3d at 1155

25   (discussing *Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 113 (2014)); *see also Parker v.*

26   *Cherne Contracting Corp.*, No. 18-CV-01912-HSG, 2019 WL 359989, at *3 (N.D. Cal. Jan. 29,

27   2019) (rejecting similar argument that Section 514 did not apply "because the complaint allege[d]

28   that Defendant did not pay premium wages for all compensable overtime hours" based on off-the-

United States District Court
Northern District of California

1    clock work).  As such, the Court finds that Section 514 exempts Plaintiff from coverage under

2    Section 510, and his overtime claim under that statute therefore fails as a matter of law.

3                              **b.  Meal and rest period claims**

4            Defendant next argues Plaintiff is similarly exempt under the state statutes that give rise to

5    his meal break and rest period claims.  The Court agrees.

6            Plaintiff brings his meal break claims under California Labor Code Sections 512(e) and

7    226.7.  But Section 512(e) does not apply to an individual "employed in a construction

8    occupation" if: (1) the employee is covered by a valid CBA, and 2) the CBA "expressly provides

9    for the wages, hours of work, and working conditions of employees, and expressly provides for

10   meal periods for those employees, final and binding arbitration of disputes concerning application

11   of its meal period provisions, premium wage rates for all overtime hours worked, and a regular

12   hourly rate of pay of not less than 30 percent more than the state minimum wage rate."  *See* Cal.

13   Labor Code § 512(e)-(f).  Additionally, section 226.7 does not apply to "an employee who is

14   exempt from meal . . . period requirements pursuant to other state laws."  *See id.* § 226.7(e).  Both

15   exemptions clearly apply here.  There is no dispute that Plaintiff was "employed in a construction

16   occupation" as Defendant's employee.  Further, Defendant has established that the CBA is valid,

17   and expressly provides for the wages, hours of work, and working conditions of employees;

18   premium wage rates for all overtime hours worked; and a regular hourly rate of pay of not less

19   than 30 percent more than the state minimum wage rate.  *See supra* discussion at p. 5.  Finally, the

20   CBA expressly provides for meal periods and final and binding arbitration of meal period-related

21   disputes.  *See* CBA § 6A-D.

22           Plaintiff is similarly exempt from coverage under the state rest period statutes, Wage Order

23   16 and Section 226.7.  Section 11 of Wage Order 16 exempts "any employee covered by a valid

24   collective bargaining agreement if the collective bargaining agreement provides equivalent

25   protection."  8 Cal. Code Regs. § 11160(11)(E).  Further, an employee exempt from the rest period

26   provisions of Wage Order 16 is also exempt from those of Section 226.7.  *See* Cal. Labor Code §

27   226.7(e).  Here, the protections of the CBA appear equivalent to those outlined in Wage Order 16.

28   *Compare* 8 Cal. Code Regs. § 11160(11)(E) (requiring rest period "at the rate of ten (10) minutes

United States District Court
Northern District of California

1    net rest time for every four (4) hours worked, or major fraction thereof") *with* CBA § 6B

2    (authorizing employees to take a ten-minute rest period for each 4-hour segment of shift).

3        In his opposition to summary judgment on the meal and rest period claims, Plaintiff asserts

4    a similar version of the argument he raised in defending his overtime claim: because the CBA

5    "does not provide premium wages for 'off the clock' travel time outside of [Plaintiff's] shift," it

6    fails to provide premium wages for all hours worked and cannot qualify for any of the relevant

7    exemptions as a result. *See* Dkt. No. 20 at 4.  This argument fails in this context for the same

8    reasons already discussed. *See supra* discussion at p. 7–8.  On the rest period claim, Plaintiff

9    further argues that the CBA does not meet Wage Order 16's requirement of equivalent protection

10   because it calculates rest period times based on "each 4-hour segment of their assigned work

11   shift," *see* CBA § 6B, and therefore "does not account for employees' nonproductive travel time

12   before and after their assigned shift."  *See* Dkt. No. 20 at 7.  The Court does not find this parsing

13   of words persuasive.  The CBA defines a "shift" as eight or ten "consecutive hours" worked,

14   meaning that compensable off-the-clock work would be included in the calculation of total hours

15   worked for rest periods.  *See* CBA §§ 20A.2, 2(c).  And to the extent the word "shift" creates any

16   ambiguity, the CBA clarifies that its rest period requirements "will be interpreted consistently with

17   the rest period requirements of IWC Order 16."  *Id.* § 6B.

18       Finally, the portion of Plaintiff's UCL claim that is derivative of the claims discussed

19   above also fails as a matter of law.  *See Estrada v. Kaiser Foundation Hospitals*, 678 Fed. Appx.

20   494, 497 (9th Cir. 2017) (finding that where a cause of action derives from a preempted claim, the

21   derivative cause of action also fails).

22       The Court thus **GRANTS** Defendant's motion for partial summary judgment on Plaintiff's

23   Section 510 overtime and meal and rest period claims, and the portion of his UCL claim that is

24   derivative of those claims.

25       **C.    Petition to Compel Arbitration**

26       Defendant seeks to compel arbitration of Plaintiff's remaining claims: failure to pay

27   minimum wages; failure to provide accurate itemized wage statements; failure to pay wages when

28   due; and the portion of his UCL claim based on these theories.  Dkt. No. 6 at 3.  Defendant argues

1    that because the Court has supplemental jurisdiction over these claims, "it can and must rule" on

2    the petition to compel arbitration.  Dkt. No. 18 at 2.

3         The Court disagrees that it "must rule" on a petition directed to non-preempted state law

4    claims.  A district court may decline to exercise supplemental jurisdiction once it has dismissed

5    the claims over which it has original jurisdiction, as is the case here.  28 U.S.C. § 1367(c).

6    Another judge in this district recently addressed this unique procedural posture and a virtually

7    identical set of issues in *Brumble v. Andrew M. Jordan, Inc.*, No. 23-CV-01336-RS, 2023 WL

8    4053418 (N.D. Cal. June 16, 2023).  In that case, the court declined to exercise supplemental

9    jurisdiction to rule on the petition to compel arbitration, noting that by seeking summary judgment

10   on the preempted claims and arbitration of the remaining claims, the defendant had already

11   precluded a single adjudication of claims arising from the same set of facts, which was "[t]he very

12   basis on which [the defendant] argue[d] [the] court should exercise supplemental jurisdiction."

13   *See Brumble*, 2023 WL 4053418, at *4.  In addition, the court reasoned that "the determination

14   that certain claims [were] preempted ha[d] not required substantive analysis of the underlying

15   facts or remaining claims such that there would be any judicial efficiencies in exercising

16   supplemental jurisdiction were arbitration not ordered."  *See id.*  Thus, the question of whether the

17   plaintiff's state law claims were subject to arbitration was "more appropriately addressed by the

18   state courts."  *See id*.  The Court finds the reasoning of *Brumble* persuasive.  Accordingly, the

19   Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims

20   and remands the case to state court.  *See Slidewaters LLC v. Washington State Dep't of Lab. &*

21   *Indus.*, 4 F.4th 747, 761–62 (9th Cir. 2021) (affirming district court's order remanding case after

22   declining to exercise supplemental jurisdiction under § 1367(c) over remaining state law claims).

23   //

24

25   //

26

27   //

28

United States District Court
Northern District of California

**III.    CONCLUSION**

The Court **GRANTS** Defendant's motion for summary judgment in its favor as to Plaintiff's overtime, meal period, and rest period claims, as well as the portion of Plaintiff's unfair competition claim arising from those claims, Dkt. No. 19.  This case is hereby **REMANDED** to Alameda County Superior Court.  The Clerk is further directed to terminate without prejudice Defendant's petition to compel arbitration, Dkt. No. 6, and to close the file.

**IT IS SO ORDERED.**

Dated:    9/23/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

12